UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-317-RGT

RICKY VAUGHN                                                        PLAINTIFF

VS.                      **ANSWER TO COMPLAINT**

JAMIE UNDERWOOD                                    DEFENDANT

* * * * * * * * * * * *

Comes the Defendant, JAMIE UNDERWOOD, in his individual capacity as Jailer of the Larue County Detention, by counsel, and for his Answer herein, states as follows:

1. That the Complaint fails to state a cause of action upon which relief may be granted.

2. That Plaintiff's claims are barred in whole or in part by estoppel, laches, contributory negligence, the applicable statutes of limitation, waiver, collateral estoppel, res judicata and any other matter constituting an avoidance or affirmative defense.

3. That this Answering Defendant, JAMIE UNDERWOOD, affirmatively states that he is an agent and/or employee of the Commonwealth of Kentucky or its political subdivision, Larue County, Kentucky.

4. That Plaintiff's claims against this Answering Defendant, JAMIE UNDERWOOD, are barred in whole or in part by sovereign immunity, governmental immunity, official immunity,

judicial immunity, and/or privilege of Defendant JAMIE UNDERWOOD to act in his capacity as an employee of Larue County, Kentucky as the elected Jailer, and said sovereign immunity, governmental immunity, official immunity, judicial immunity and/or privilege is limited/qualified and/or absolute.

5. That this Answering Defendant incorporates by reference and adopts as part of his Answer all appropriate defenses set forth in the Federal Rules of Civil Procedure 8 and 12 insofar as future discovery in this case reveals facts or information such that said defenses are appropriate and he reserves his right to amend his Answer to expressly plead all such defenses.

6. That Plaintiff's claims as to this Answering Defendant are barred in whole or in part because Plaintiff has not and cannot show a deliberate indifference by this Answering Defendant of any serious deprivation related to any serious need. This Answering Defendant affirmatively states that he acted toward Plaintiff with good faith at all times relevant to this action.

7. That Plaintiff's claims are barred in whole or in part by the application of the Civil Rights of the Institutionalized Persons Act (CRIPA) and specifically 42 USC Section 1997 (e)(a) which requires Plaintiff to exhaust all administrative remedies prior to litigating this matter. Furthermore, Plaintiff is required to provide a copy of the administrative decision showing

an exhaustion of such remedies with his Complaint and has failed to do so.

8.  That this Answering Defendant affirmatively pleads the provisions of the Prison Litigation Reform Act the and particular the requirement that Plaintiff may not recover for any emotional injury without making a prior showing of physical injury per 42 USC Section 1997 (e)(e).

9.  That Plaintiff has filed a Pro Se Complaint and within **III. STATEMENT OF CLAIMS** makes the following allegations as to this Answering Defendant with the following answers being provided pursuant to the Memorandum Opinion and Order (DN9) entered by the Court on July 31, 2020:

> a. "On 4-27-20 on around 7:30 p.m. Officer house brought my mail from United Stated District Court and it had already been opened."
>
> **This Answering Defendant denies said allegation.**
>
> b. "I then filed a grievance that my court mail had been opened and inspected outside of my presence."
>
> c. "On 4-28-20 around 9:00 a.m. the Jailer came to cell 106 and told me 'Roll your stuff up, I told you I'd move you every 30 minutes.'"
>
> **This Answering Defendant admits said allegation.**
>
> d. "Jailer also said 'You just keep causing problems.'"
>
> **This Answering Defendant admits said allegation.**

e. "I have not been in any trouble."

   **This Answering Defendant admits said allegation.**

f. "My right to be present while my court mail was violated."

   **This Answering Defendant denies said allegation.**

g. "On 4-28-20 when I was moved from cell 106 I was put in cell 127."

h. "Shortly after being put in cell 127 I began to get a bad vibe from the other inmates in the cell."

   **This Answering Defendant has insufficient information to form a belief as to the truth or falsity of the allegation; therefore, he denies same.**

i. "At exactly 9:39 a.m. I sent a request to talk on the Kiosk that said that I was in fear for my safety in that cell."

   **This Answering defendant has insufficient information to form a belief as to the truth or falsity of the allegation; therefore, he denies same.**

j. "On 4-29-20 around 9:30 am – 10:00 am The Jailer companied by Captain Mindy, Captain Chad, came to cell 127."

>   **This Answering defendant has insufficient information to form a belief as to the truth or falsity of the allegation; therefore, he denies same.**

k. "The Jailer said 'You know what time it is, roll it up again, you might want to check your message on the kiosk because you'll be getting paper request from now on.'"

>   **This Answering Defendant admits said allegation.**

l. "I packed my stuff and walked out where I was led to an 'ISO' (isolation) cell."

>   **This Answering Defendant admits said allegation.**

m. "The Jailer said I was not on disciplinary ISO so I could keep my mat."

>   **This Answering Defendant admits said allegation.**

n. "An hour later as soon as I got done eating lunch the Jailer came back accompanied by Caption Chad."

>   **This Answering Defendant denies said allegation.**

o. "The Jailer said 'Now your on disciplinary give me your mat all you can have is your hygiene."

>   **This Answering Defendant denies said allegation.**

p. "I had done nothing at all to deserve any type of disciplinary action."

>   **This Answering Defendant denies said allegation.**

   q. "Everytime I excerised my right to grievance, the Jailer would get angry and say that I was causing trouble."

   **This Answering Defendant denies said allegation.**

   r. "I am currently in disciplinary isolation for no real reason for an undetermined amount of time."

   **This Answering Defendant denies said allegation.**

10. That any allegation not herein and specifically admitted is hereby denied.

11. Any award of punitive damages against the Defendant is prohibited in whole or in part as an arbitrary deprivation of property in violation of 5th, 6th, 8th and the due process clause of the 14th Amendment to the Constitution of the United States. Such an award would also violate KRS Chapter 411 and Sections 1, 2, 14 and 17 of the Kentucky Constitution, which require due process of law and protection against arbitrary or excessive awards of punitive damages.

12. That the claim of the Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Kentucky law without proof of every element beyond a reasonable doubt would violate the Defendant's due process rights under the 14th Amendment to the United States Constitution and under Section 2 of the Kentucky Constitution.

13. That Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Kentucky law without bifurcating the trial of all punitive damages issues would violate the Defendant's due process rights guaranteed by the 14th Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution.

14. That Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damage award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate the Defendant's due process and equal protection rights guaranteed by the 14th Amendment to the United States Constitution and the double jeopardy clauses of the 5th Amendment as incorporated into

the 14th Amendment and by Sections 23, 13 and 17 of the Kentucky Constitution.

15. That the Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Kentucky law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Kentucky law would violate the Defendant's due process right guaranteed by the 14th Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution.

16. That Plaintiff's claim for punitive damages against the Defendant cannot be sustained, because an award of punitive damages under Kentucky law without the same protections that are afforded to all criminal Defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the Defendant's rights under the 14th Amendment to the United States Constitution and the 4th, 5th, and 6th Amendments as incorporated into the 14th Amendment and by Sections 2, 10, 11, 13 and 4 of the Kentucky Constitution.

Wherefore, the Defendant, JAMIE UNDERWOOD, demand as follows:

1. That the Complaint be dismissed, with prejudice, and the Plaintiff recover nothing thereby;

2. For trial by jury;

3. For any and all cost herein expended, including reasonable attorney fees; and

4. For any and all further relief to which he may appear entitled.

           /s/ R. Keith Bond  
           ROBERT K. BOND  
           COLEMAN LOCHMILLER & BOND  
           P.O. BOX 1177  
           ELIZABETHTOWN, KY  42702-1177  
           (270) 737-0600  
           ATTORNEY FOR UNDERWOOD

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2020 I electronically filed the foregoing with the Clerk of the Court by using ECF Federal e-filing System which will provide service to the following:

I also mailed a copy to:

Ricky Lee Vaughn  
Larue County Detention Center  
209 West High St. #17  
Hodgenville, KY 42748

           /s/ R. Keith Bond  
           ROBERT K. BOND